**MAXWELL et al.**

v.

**COMMISSIONER OF INTERNAL REVENUE.**

No. 6660.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 16, 1953.

Decided Dec. 9, 1953.

Robert Ash, Washington, D. C. (Carl F. Bauersfeld, Washington, D. C., and W. H. Lee, New Bern, N. C., on the brief), for petitioners.

George F. Lynch, Special Asst. to the Atty. Gen. (H. Brian Holland, Asst. Atty. Gen., and Ellis N. Slack, Special Asst. to the Atty. Gen., on the brief), for respondent.

Before PARKER, Chief Judge, DOBIE, Circuit Judge, and CHESNUT, District Judge.

DOBIE, Circuit Judge.

This is a consolidated appeal by the taxpayers, Harold Maxwell, Sr., and the Estate of Raymond Maxwell, Sr., deceased, from the decisions of the Tax Court of the United States, which held that there were deficiencies in the taxpayers' income taxes for the years 1943 through 1947 in the total amount of $245,855.33.

One question is presented for our decision: whether the Tax Court was warranted in concluding that the taxpayers Harold Maxwell, Sr., and Raymond Maxwell, Sr., and the trusts created by them were not engaged in conducting a mercantile business as partners during the taxable years, and in concluding that the business income was taxable to the taxpayers under Section 22(a) of the Internal Revenue Code, 26 U.S.C.A.

We believe that the record amply supports the conclusion that there was, in reality, no partnership, for federal income tax purposes, between the taxpayers and the trusts. The decision of the Tax Court must, therefore, be affirmed.

Harold Maxwell, Sr., and Raymond Maxwell, Sr., were brothers. Prior to December 1, 1941, they operated a wholesale grocery business as equal partners in New Bern, North Carolina, known as Maxwell Company. Harold Maxwell, Sr., had one son, Harold, Jr., and one daughter. Raymond Maxwell, Sr., had one son, Raymond Maxwell, Jr., and two daughters. In 1941, all these children were minors.

For a period of two years or longer prior to November 29, 1941, the partners discussed together the idea of giving to each of their children an interest in the Maxwell Company in order to provide for their future financial security, as well as to interest them in carrying on the business. On November 29, 1941, the partners each donated specified percentages of their undivided one-half interest in Maxwell Company to trusts which they created for the benefit of their minor children. At the same time each conveyed and transferred by separate instrument specified percentages of their interest in the business to each of the trusts for a stated consideration in money to be paid by each trust. Each of the five deeds conveying the respective interests sold provided that the trustee of each trust should execute and deliver an interest bearing promissory note in the amount of the consideration to be paid by each trust. The notes were dated November 29, 1941, and the interest and principal of each note was fully discharged during the year 1945 out of earnings and profits of the Maxwell Company distributed to the respective trusts.

By the deeds of gift and the deeds of conveyance, one of the original partners disposed of two-thirds and the other partner disposed of three-fourths of each of their respective undivided partnership interests. While capital was a material income-producing factor, the original partners, whose knowledge, skill and personal services largely contributed to the success of the business, continued to exercise the absolute control and management of the business without salary notwithstanding their lesser interests in the profits of the partnership. The two sons, Harold, Jr., and Raymond, Jr., worked in the business sporadically, after school hours or during vacations. The petitioners made no contention, however, that the sons' services were vital or of material significance. The daughters,

apparently, performed no services of any kind.

The instruments creating the trusts provided that the old partners consented to the admission of the trustees of the respective trusts as members of the partnership of Maxwell Company. No new partnership agreement, as such, was ever executed. The trustees never took an active interest in the partnership nor participated in any way in the control or management thereof, and made no decisions with respect to policy. The Maxwell Company continued to operate with the same capital and under the complete control and dominion of the two original partners.

Petitioners stress the facts that the trusts were irrevocable and that the partnership income allocable to the trusts was received by the trustees. They also contend that the capital from the trusts was a material income-producing factor in the business. It cannot be overlooked, however, that no new capital was added to the business. In the alleged purchase agreements between the trusts and the original partners, the parties were undoubtedly aware that the purchase price would be supplied only out of future profits of the business.

■ Petitioners rely heavily upon the case of Commissioner of Internal Revenue v. Culbertson, 337 U.S. 733, 69 S.Ct. 1210, 93 L.Ed. 1659, for the proposition that "vital services" and "original capital" are not the two exclusive tests for determining the validity, for federal income tax purposes, of a family partnership. While this case did hold that these two factors are not conclusive, it nevertheless added that the lack of either gives cause for a close scrutiny of all the facts to determine if the parties, in good faith and acting with a business purpose, intended to actually join together in the present conduct of the enterprise. Applying this test, then, we fail to find either business reality or economic purpose in the partnership created by the present trusts.

We are not insensible of the opinion in Miller v. Commissioner of Internal Revenue, 6 Cir., 203 F.2d 350, cited by petitioners, wherein is recognized the economic validity of a desire to give one's children an interest in the business and an incentive to engage therein. In the present case, however, we cannot believe these factors to have been the compelling reasons for the establishment of the trusts, since it was obviously not contemplated that the Maxwells' daughters would become active in the business. The facts in the Miller case further distinguish it from the instant case in that the Miller trusts involved an investment of new, outside capital.

■ A careful consideration of the facts, as noted, leads us to the conclusion that this case is controlled by our decision in Solomon v. Commissioner of Internal Revenue, 4 Cir., 204 F.2d 562, and cases therein cited. No valid business purpose has been shown for the creation of this partnership. No formal articles of partnership were executed by the trustees and the senior Maxwells. Those who had dealt with the old partnership were not notified of the new arrangement. The entire conduct of the partnership went on just as before. Then, too, a trustee as a partner in a mercantile partnership is something of a legal anomaly. The Tax Court did not err in holding that, in the taxable years involved, all of the income from the partnership business was taxable to Harold Maxwell, Sr., and Raymond Maxwell, Sr.

The decision of the Tax Court is, accordingly, affirmed.

Affirmed.